**Thomas M. McMULLEN, Petitioner,**

v.

**UNITED STATES of America et al.,**
**Respondents.**

No. 72–926–IH.

United States District Court,
C. D. California.

Oct. 30, 1972.

———◆———

Stephan A. De Sales, of Lawton, Christensen, Fazio, McDonnell, Briggs & Ward, La Habra, Cal., for petitioner.

William D. Keller, U. S. Atty., Los Angeles, Cal., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Larry L. Dier, Asst. U. S. Atty., for respondents.

MEMORANDUM OF OPINION AFFIRMING DENIAL OF LICENSES UNDER FEDERAL FIREARMS ACT

IRVING HILL, District Judge.

In what is apparently a case of first impression, the Court herein construes provisions of the Federal Firearms Act under which certain types of prior state criminal convictions disqualify an applicant from obtaining a federal license as a firearms dealer or curio collector.

■ Petitioner filed applications with the Internal Revenue Service of the Treasury Department, Alcohol, Tobacco and Firearms Division, for two licenses, one as a firearms dealer under 18 U.S.C. § 923(a), and the other as a curio collector under 18 U.S.C. § 923(b). After a hearing, each application was denied solely because of a state criminal conviction which will be discussed in detail

hereinafter. The denial was affirmed by the Assistant Regional Commissioner of the IRS, Alcohol, Tobacco and Firearms Division. The instant petition was then filed in this Court for judicial review of the denials under 18 U.S.C. § 923(f)(3). The Government now moves to dismiss the petition. The only claim Petitioner makes is that the denials are based upon an error of law as to the nature and effect of the state conviction. The administrative file has been furnished to the Court. For reasons that are set forth below, the Court finds that no error of law has occurred and affirms each denial.

The facts concerning the state conviction which is in issue can be briefly stated. On December 3, 1970, a complaint was issued in the Orange County, California Municipal Court, charging Petitioner with a "felony", i. e. violating Section 12220 of the California Penal Code by unlawfully possessing a machine gun. The crime defined by P.C. § 12220 is the selling, offering for sale, possessing or transporting of a machine gun. The section provides that conviction "shall be punished by imprisonment in the state prison not to exceed five years or by a fine not to exceed five thousand dollars ($5,000), or by both such fine and imprisonment."

On February 2, 1971, upon stipulation of the prosecuting attorney and counsel for the defendant, and prior to the holding of any preliminary hearing on the complaint, the Municipal Court Judge before whom the case was pending deemed the offense to be a misdemeanor under California Penal Code Section 17(b)(5), and accepted a guilty plea from the Petitioner. He thereafter sentenced Petitioner to thirty days in the County Jail (suspended) and a fine of $500 and placed Petitioner on summary probation for one year.

California Penal Code Section 17(a) defines a felony to be any crime punishable by imprisonment in the state prison. California Penal Code Section 17(b) provides that when a crime is punishable in the discretion of the Court by imprisonment in the state prison or by fine or county jail imprisonment, it may become a misdemeanor in various ways, depending upon the sentence imposed by, or other act of, the trial Judge. Subsections 1, 2, 3 and 4 of Section 17(b) are not relevant to the present case. Subsection 17(b)(5), the one utilized in the state court in the instant case, provides as follows:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . .

"(5) When, at or before the preliminary examination and with the consent of the prosecuting attorney and the defendant, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

The state offense in question, including the original charge and the later disposition of it under P.C. § 17(b)(5), must be examined in the light of the federal gun licensing statutes involved in this case to determine if the administrative agency properly disqualified the Petitioner.

18 U.S.C. § 923 provides for various kinds of gun and ammunition licenses, including licenses for gun dealers and for curio collectors. Section 923(d)(1) forbids the grant of any such license to any applicant who is "prohibited from transporting, shipping, or receiving firearms . . . in interstate or foreign commerce under section 922(g) and (h) . . . ." Sections 922(g) and (h) make it unlawful for any person to ship, transport or receive any firearm in interstate or foreign commerce, if that person "has been convicted in any court of, a crime *punishable by imprisonment for a term exceeding one year* . . . ." (italics supplied).

Thus, a critical question in the instant case is whether the crime of which Petitioner was convicted is such a crime. The administrative agency held that it was.

The administrative agency also rested its denial on a separate and alternative statutory disqualification. Title 18 App.U.S.C. § 1202(a) makes it a criminal offense to receive, possess or transport any firearm in commerce if the person so doing "has been convicted by a court of . . . a State . . . of a *felony* . . . ." (italics supplied). The section is a part of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 236).

The Secretary of the Treasury has wide rule-making power under the statutes involved in this case. The Secretary's regulations concerning the grant of licenses of the type sought in the instant case are found at 26 C.F.R. §§ 178 ff. Section 178.47(b)(6) of the Regulations provides in substance that no license relating to firearms may be issued to a person who is prohibited, under Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, from receiving, possessing or transporting firearms.

Thus, a second critical question arises, namely, whether Petitioner is disqualified because he had been convicted in a state court of a "felony." The administrative agency held that the crime of which he was convicted was a felony and thus disqualified him.

I agree with the administrative agency as to both grounds. I will discuss the second ground first.

The term "felony", as used in 18 App. U.S.C. § 1202 and in the regulations, is identically defined in both the statute and the regulations. (18 App.U.S.C. § 1202(c)(2) and 26 C.F.R. 178.11) The term is defined to mean "any offense punishable by imprisonment for a term exceeding one year." However, offenses classified as misdemeanors under state law and punishable by a term of imprisonment of two years or less are excluded from the definition of felony *unless* they are offenses involving a firearm or explosive. Since the instant offense involved a firearm, it cannot be excluded from the definition of felony by its having been classified as a misdemeanor under state law, if it is an offense that is otherwise included. The instant offense, therefore, is a "felony" if it is one "punishable by imprisonment for a term exceeding one year."

Thus, by the roundabout definitional process set forth above, the second ground of disqualification comes down to the same question as is involved in the first.

The term "punishable by imprisonment for a term exceeding one year" as stated, appears in the statute at 18 U.S. C. §§ 922(g) and (h). It is further defined in the statute at 18 U.S.C. § 921(a)(20) but only to the extent of specifying certain exclusions. However, the Secretary has promulgated a still further definition of the term in the regulations. 26 C.F.R. 178.11 reads as follows:

"*Crime Punishable by Imprisonment for a Term Exceeding One Year.* Any offense for which the maximum penalty, *whether or not imposed*, is . . . imprisonment in excess of 1 year. The term shall not include . . .

(b) Any state offense (other than one involving a firearm . . .) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of 2 years or less." (italics supplied).

Again, it is clear that since the instant offense involved a firearm, it is not excluded from the general inclusive definition merely because it may have been, in its final treatment, classified under the laws of the state as a misdemeanor.

So it appears that the regulation, if valid, clearly disposes of the instant case. The maximum penalty which *could* have been imposed for the offense committed by this Petitioner was five

years in prison. The regulation includes such an offense within the term "crime punishable by imprisonment for a term exceeding one year" regardless of what penalty was actually and finally imposed.

Petitioner cites a number of California state decisions which he says would render the instant offense, as transmuted by the stipulation of counsel and the act of the trial Judge, to be a non-felony under state law for all purposes. He argues that this Court should and must accept the effect given to the proceedings by state law and that the later treatment should be held to make this offense both a non-felony and one not punishable for a term exceeding one year. I do not agree. We are dealing in this case with a federal licensing statute. We are governed, in interpreting that statute, by the terms employed by Congress as defined by the statute and the regulations under it. The only purpose in looking to state law in a case like the present one, is to determine the maximum penalty which *could* have been imposed under the charge made against the Petitioner. As stated, the maximum penalty which could have been imposed under P.C. § 12220 was five years. The action taken under state law by the state Judge in disposing of the case does not change the nature and character of the offense insofar as its classification under the federal statutes and regulations are concerned.

The result reached here seems clearly in accord with the legislative intent as reflected in the entire statutory scheme. Congress surely intended that applicants convicted in state courts of a serious offense such as that charged against this Petitioner, and particularly an offense involving a firearm, as this offense was, should not hold any type of federal firearms license.

▪ Petitioner attacks the statutory licensing scheme and the regulations on vagueness grounds. He does not pose this challenge in constitutional terms. He cites United States v. Bass, 404 U.S.

336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), in which the U. S. Supreme Court dealt with 18 App.U.S.C. § 1202(a)(1), and the necessary elements of the criminal offense created therein. *Bass* does not aid Petitioner's cause in any respect. I find none of the statutes or regulations involved in this case to be unconstitutionally vague or otherwise illegally uncertain.

The Government's Motion to Dismiss is granted. This memorandum of opinion will constitute a final judgment against Petitioner and in favor of Respondents.