**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack BEEBE, Defendant-Appellant.**

No. 72–1298.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 1972.

Rehearing Denied Nov. 14, 1972.

Mark C. Meiering, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Joseph Warner III, Albuquerque, N. M., for defendant-appellant.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Jack Beebe was convicted on two counts of making false statements about his criminal record in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).[1] He was sentenced to two years imprisonment. The Court ordered that Beebe's sentence would be suspended if he served four months and that he would be put on probation for three years as to Counts I and II, said sentences to run concurrently.

On October 12, 1971 Beebe purchased a .25 caliber automatic Titan pistol at K-Mart in Albuquerque, New Mexico. He filled in Treasury Form 4473 which states in part:

"Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge *could have* given a sentence of more than one year.)"

Beebe answered "No" to that question.

---

1. § 922(a) provides that:
It shall be unlawful—
(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false, fictitious oral or written statement . . . intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

On October 14, 1971 Beebe pawned the pistol at the Wing Pawn Shop in Albuquerque for $15. On October 29, 1971 he attempted to redeem the Titan pistol from the pawn shop. Beebe filled out Treasury Form 4473 at that time and again indicated that he had no record of criminal conviction punishable by imprisonment for more than one year. Beebe did not have enough money to redeem the pistol at that time. The Government introduced exhibits establishing that Beebe was convicted in California for possession of marijuana in 1966.

Beebe alleges that the trial court: (1) erred in denying his motion to dismiss Count II of the Indictment; (2) erred in allowing the use of the word "firearm" in the trial; (3) erred in admitting the pistol as an exhibit; (4) erred in refusing to instruct the jury on the meaning of "firearm"; (5) violated the best evidence rule in relation to establishing "licensed dealers"; (6) erred in refusing to instruct the jury on the meaning of "licensed dealer"; (7) erred in refusing to instruct the jury on ignorance of the law as a defense; (8) erred in refusing to instruct the jury on the legal meaning of the word "convicted"; and (9) erred in instructing the jury on 18 U.S.C. § 922(d)(1) and refusing to instruct on 18 U.S.C. § 922(h)(1) or 18 U.S.C. App. § 1202(a)(1).

## I.

Beebe contends that Count II does not state an offense and should have been dismissed. It states in part:

"On or about the 29th day of October, 1971, in the State and District of New Mexico, the defendant, JACK BEEBE, in connection with the attempted acquisition of a firearm from a licensed dealer in firearms, wilfully and knowingly made a false statement, likely to deceive such dealer with respect to a material fact as to the lawfulness of the *redemption* of such firearm . . . . " (Emphasis ours).

He alleges that his attempted redemption does not constitute an attempted acquisition within the meaning of 18 U.S.C. § 922(a)(6). Beebe contends that "acquisition" means becoming the owner of certain property while redemption from pawn does not involve passage of ownership.

■ Although criminal statutes must be strictly construed in favor of the accused, the statute contemplates any transfer of property. Section 922(a)(6) states that it is unlawful to make false statements "with respect to any fact material to the lawfulness of the sale or other disposition of such firearm". "Acquisition", interpretive of this language, cannot be given the narrow interpretation argued by Beebe. Beebe's attempted redemption was an attempted acquisition. Count II stated an offense.

## II.

Beebe asserts that the trial court erred in allowing counsel and witnesses to employ the term "firearm" during the trial because it is a technical term involving a legal conclusion and that a foundation should have been laid each time it was used. He also alleges that there was insufficient evidence to establish that the Titan pistol was a firearm and that the Court erred in not instructing the jury on the meaning of a firearm.

■■ Witnesses and counsel are permitted to use their own terminology in presenting their impressions to the court. Stone v. United States, 385 F.2d 713 (10th Cir. 1967), cert. denied 391 U.S. 966, 88 S.Ct. 2038, 20 L.Ed.2d 880 (1968). If the jury understands what the witness means, counsel's right of cross-examination prevents any harm to the defendant. Stone v. United States, *supra.* Use of the term "firearm" by counsel and witnesses was within the trial court's discretion. There was no abuse of discretion especially in light of the fact that the Government produced substantial evidence that the Tital pistol, which was admitted into evidence and visible to the jurors, was a firearm.

Agent Gonzales of the Alcohol, Tobacco and Firearms Division of the U. S.

Treasury testified that he had test fired the Titan pistol and that it was capable of being fired. 18 U.S.C. § 921 states in part:

"(a) As used in this chapter—

(3) The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . ."

Gonzales' testimony that the pistol had been test fired satisfied the statutory definition. Even though the Court failed to instruct the jury on the meaning of the term "firearm" it was harmless error under these circumstances.

### III.

■ Beebe contends thaat the best evidence rule was violated by the trial court in allowing Government witnesses to testify that their businesses were "licensed dealers" in firearms rather than producing documents evidencing their actual licensing. At trial the manager of the K-Mart sporting goods department testified that the store has a license to deal in firearms. The manager of the Wing Pawn Shop also testified that the store is a licensed dealer. Beebe alleges that the best evidence rule requires that the licenses issued by the Secretary of the Treasury should have been produced.

A similar contention was raised in Cody v. United States, 460 F.2d 34 (8th Cir. 1972). The Court held that the Government was not required to introduce the store's license to deal in firearms in order to prove that the store was licensed. The Government was not attempting to establish the terms of that document in *Cody* or in the case in point; accordingly, no useful reason would have been served by their production. Cody v. United States, *supra*; United States v. Hamilton, 452 F.2d 472 (8th Cir. 1971); IV Wigmore on Evidence §§ 1191, 1252 (1940). The unrefuted testimony of the witnesses established that the stores were licensed dealers. Their testimony was not challenged by cross-examination or otherwise. Beebe's argument that the Court should have instructed the jury as to the definition of "licensed dealers" was harmless error under these circumstances.

### IV.

Beebe alleges that the Court should have given one of his requested instructions on the meaning of "convicted" in order for the jury to determine whether his answers to the questions on Forms 4473 were made truthfully. Beebe alleges that since he did not understand the meaning of "convicted" the jury could not have known what it meant.

■ The question whether Beebe had been convicted was a question of law. Government exhibits established that Beebe had been convicted in California; they were admitted into evidence. On August 10, 1966 Beebe was indicted by a California grand jury for possession of marijuana. (Plaintiff's Exhibit 4). Beebe pled guilty and was sentenced to five years imprisonment. His conviction was suspended by the Superior Court of California on September 29, 1966, at which time the Court ordered that Beebe spend the first four months in the custody of the Sheriff of San Diego County. On February 5, 1967, following a hearing and medical examinations, the Superior Court of California ordered that Beebe be committed to the California Rehabilitation Center for seven years. The Court found that Beebe was a narcotic drug addict or in imminent danger of becoming addicted. (Plaintiff's Exhibit 4). On February 11, 1970 the Superior Court of California vacated his commitment order. (Plaintiff's Exhibit 4). Even though Beebe's sentence had been suspended he had been convicted of a crime punishable by more than a year imprisonment. United States v. Rosenstengel, 323 F.Supp. 499 (E.D.Mo.1971). Under these circumstances the trial court did not err in failing to instruct on the meaning of "conviction".

Beebe contends that the Court erred in refusing to instruct the jury on ignorance of the law as a defense. He testified that he did not realize he was making a false statement on the Treasury forms; that he did not understand that he had been convicted in California; that he had been committed to the California Rehabilitation Center; that his criminal proceeding was switched over to a civil proceeding; that he did not know it was illegal for him to purchase a gun; that his charge in California was dropped; that he did not believe he could have been sent to prison for more than a year; and that he did not intentionally misrepresent his criminal record.

Agent Gonzales interviewed Beebe in November of 1971. Beebe admitted his criminal record in California to Gonzales. He also told Gonzales that he had filled out the Treasury forms.

A violation of Section 922(a)(6) requires that a person "knowingly" make a false statement. The jury was instructed that the Government must prove that Beebe's statements were made wilfully and knowingly and that he acted with specific intent. The Court defined "knowingly", "wilfully" and "specific intent".

■ Section 922(a)(6) does not require a showing that Beebe "knowingly" violated the law. It simply requires evidence that he "knowingly" made a false statement. Cody v. United States, *supra*. There was substantial evidence supporting the jury's determination that Beebe had the requisite wilfulness and knowledge. The Court adequately instructed the jury on the knowledge element of the crime.

### V.

■ Beebe alleges that the trial court erred in instructing on 18 U.S.C. § 922 (d)(1) and not instructing on 18 U.S.C. § 922(h)(1) or 18 U.S.C. App. § 1202(a) (1). Section 922(d)(1) makes it unlawful for a licensed dealer to sell a firearm to anyone knowing or having rea-

sonable cause to believe that the person has been convicted of a crime carrying more than a year imprisonment. Beebe contends that 18 U.S.C. § 922(d)(1) is not material to the case and should not have been read by the Court to the jury.

In order to violate 18 U.S.C. § 922(a) (6) the false statement must deal with a fact material to the lawfulness of the sale or redemption. The Court instructed on 18 U.S.C. § 922(d)(1) to establish the materiality of the false statement under § 922(a)(6). United States v. McDowell, 328 F.Supp. 606 (W.D.Pa.1971). The Court did not err in instructing on § 922(d)(1).

■ Section 922(h)(1) renders it unlawful for a felon to receive a firearm. Section 1202(a)(1) declares it a crime for a felon to transport a firearm in interstate commerce. The failure to instruct on these sections does not constitute error.

Affirmed.