**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Patrick WILLIS, Defendant-Appellant.**

**No. 74–1751.**

United States Court of Appeals, Ninth Circuit.

Oct. 23, 1974.

Certiorari Denied March 3, 1975.

See 95 S.Ct. 1355.

---

Richard G. Reinjohn (argued), of Von Herzen Catlin, Reinjohn & Clements, Los Angeles, Cal., for defendant-appellant.

Jan L. Handzlik, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and SMITH,* District Judge.

## OPINION

PER CURIAM:

Willis appeals from his conviction in a jury trial on eleven counts of knowingly making false statements in acquiring firearms from a licensed dealer in violation of 18 U.S.C. § 922(a)(6) and § 924(a). We affirm.

In 1967, Willis was indicted in New York state court for criminally possessing a loaded firearm, a felony. Plea bargaining led to his pleading guilty to a lesser included offense of attempting to unlawfully possess a loaded firearm, still a felony with maximum sentence of 3½ years. During the bargaining the judge had said that if a plea were entered he would sentence Willis "as if it were a misdemeanor". The sentence imposed was nine months, which was duly served.

In 1969 Willis moved to California. Between 1971 and 1972 he bought eleven guns from a dealer in Orange County. Each time he filled in and signed the required state and federal forms. Question 8b on the federal form was:

Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have [printed in bold face] given a sentence of more than one year).

He answered this question, "No".

Willis contends among other things, that § 922(a)(6) is void for vagueness and unconstitutional as applied to him, and that his answer to question 8b was not false. We disagree.

We are not persuaded by appellant's claim that that portion of the statute referring to a crime punishable by more than one year and the "Note" to question 8b did not give fair and adequate notice to him under his particular circumstances. Willis would have us analyze his answer to question 8b from his perspective after the plea bargain was struck. From that point on, Willis argues, under New York law, the judge could not have imposed a sentence of more than one year. In reading question 8b and applying the statute we find no reason to adopt that distorted perspective. It is true that the judge did agree that he would not sentence Willis to more than one year, but that agreement does not alter the fact that the crime was "punishable by imprisonment for a term exceeding one year," as specified by the statute, 18 U.S.C. § 922(d)(1), and question 8b.

"The question itself was forthright and direct, stating that it was concerned with conviction of a crime punishable by imprisonment for a term exceeding one year and that this meant the term which could have been imposed and not the sentence actually given." Huddleston v. United States, 415 U.S. 814, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974). We fully agree with this statement as applied to the facts presented to us by Willis. His answer to question 8b was false in each instance.

Appellant's other contentions are without merit.

Affirmed.

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.