UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Steven PLACE,
Defendant-Appellant.

No. 76–1620.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 19, 1977.

Decided Sept. 6, 1977.

**214**

Robert S. Berger, Denver, Colo. (Leonard E. Davies, Denver, Colo., on the brief), for defendant-appellant.

Frederic C. Reed, Dept. of Justice, Cheyenne, Wyo. (James P. Castberg, U. S. Atty., Tosh Suyematsu, Jerome F. Statkus, Asst. U. S. Attys., Dept. of Justice, Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Before McWILLIAMS and DOYLE, Circuit Judges, and MARKEY,* Chief Judge.

MARKEY, Chief Judge.

Appeal by defendant Mark Steven Place (Place) from a conviction of knowingly making a false written statement in connection with acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) and § 924(a). We affirm.

### Facts

Place pled guilty to grand theft, under Sec. 489, California Penal Code, on January 12, 1971, in the Superior Court of California, County of Los Angeles. On February 18, 1971, he was granted probation for five years on the condition that he first spend one year in county jail.

On June 25, 1975, in connection with his purchase of a Ruger automatic .22 pistol, Place completed and signed Treasury Form 4473 (Firearms Transaction Record), answering "no" to question 8.b. thereon:

> "Have you been convicted in any court of any crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge *could have* given a sentence of more than one year.)" (Emphasis in original.)

### Issues

■ Place argues (1) that his answer on Form 4473 was not false, and (2) that the evidence was insufficient to sustain the government's burden of proving his answer to have been "knowingly" false.**

### Opinion

Although grand theft is punishable under California law by imprisonment in the county jail for not more than one year *or* in the state prison for not more than ten years, Place founds his first argument on Sec. 17(b), California Penal Code:

> When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> (1) After a judgment imposing a punishment other than imprisonment in the state prison.

Thus, Place argues that he had been convicted of a misdemeanor, not a "crime;" hence his "no," answer was in fact truthful. In further support Place quotes this from *MacFarlane v. Department of Alcoholic Beverage Control,* 51 Cal.2d 84, 330 P.2d

---

\* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

** Place also argues that an abuse of discretion occurred in connection with the appearance of a witness (Meyers) and that reversible error occurred in amending a motion in limine to correct a typographical error. We have fully considered these arguments and find them without merit.

769, 772 (1958): "the crime of which he was convicted is to be deemed a misdemeanor for all purposes and he is not thereafter to be subjected to the statutory disabilities or deprivations which accompany or ensue from a felony conviction." Place also points to 18 U.S.C. § 921(20), which provides that the phrase "crime punishable by imprisonment for a term exceeding one year" in question 8.b. shall not include a state offense "classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

■ But Place places the cart before the horse. At the time of his conviction (January 12, 1971) grand theft was a crime punishable "in the state prison for not more than ten years." If the intent of Congress to limit the acquisition of firearms, as reflected in 18 U.S.C. § 922(a)(6), is to be effected, the term "convicted" must be given a nonrestrictive interpretation. Once guilt has been established, by plea or verdict, and naught but sentencing remains, a defendant has been "convicted" within the meaning of that word in question 8.b. *United States v. Beebe,* 467 F.2d 222 (10th Cir. 1972), *cert. den.,* 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974); *United States v. Willis,* 505 F.2d 748 (9th Cir. 1974), *cert. den.,* 420 U.S. 963, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975); *United States v. Johnson,* 497 F.2d 548 (4th Cir. 1974). That Place was *sentenced* on February 18, 1971, to one year in the county jail is simply irrelevant to the question of whether he had been *convicted* of a crime for which a judge, in the emphasized words of question 8.b., "could have" imposed a longer, sentence. Place's "no" answer was, therefore, unquestionably false.

■ Moreover, the after-the-fact effect given by state law, to the exercise of discretion by a sentencing judge, cannot control our interpretation and application of the federal statute. On the contrary, we are in accord with the statement of the District Court in *McMullen v. United States,* 349 F.Supp. 1348 (C.D.Cal.1972), *aff'd,* 504 F.2d 1108 (9th Cir. 1974), that "the only purpose in looking to state law * * * is to de-termine the maximum penalty which *could* have been imposed * * *." (349 F.Supp. at 1351.) Having here determined that the maximum penalty which could have been imposed on Place exceeded one year, the investigation into state law is exhausted, and Place's argument, based on the effect within the state of his actual sentence, must fail. Thus, no warrant or basis existed for removing from the jury the question of the truth or falsity of Place's answer to question 8.b.

Place, in his argument (2), attacks the sufficiency of the evidence to support the verdict of the jury, citing selected portions of his testimony: that he was 19 when arrested and charged with grand theft; that he pled guilty on his attorney's recommendation; that he never understood the charges or whether he had been convicted of a felony or misdemeanor; that he did not recall the sentencing judge's statement regarding a sentence to state prison. In attempting to establish failure of the government to sustain its burden of proving knowledge, Place raises a legal issue, i. e., that "knowledge" of the falsity of an answer cannot be established when the answer requires special or expert knowledge, citing a statement in *United States v. Weiler,* 385 F.2d 63, 65 (3rd Cir. 1967), that "[t]here may be situations where such a rule would be applicable."

■ In considering the sufficiency of the evidence, we view it, with the reasonable inferences to be drawn from it, in the light most favorable to the prosecution, and the verdict must be upheld if there be substantial evidence from which a jury might have found, beyond a reasonable doubt, that Place knowingly made a false statement. *United States v. Ramsdell,* 450 F.2d 130 (10th Cir. 1971); *Maguire v. United States,* 358 F.2d 442 (10th Cir.), *cert. den.,* 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97 (1966). Proof that a false statement was made with knowledge of its falsity is often difficult, and reliance must be placed upon circumstantial evidence and the conduct of the accused. *Barton v. United States,* 407 F.2d 1155 (10th Cir. 1969); *Wall v. United States,* 384 F.2d 758 (10th Cir. 1967). In the present case, Place's purpose was to acquire

a gun, he was confronted with question 8.b. just 4½ years after his conviction; a "yes" answer to that question would have defeated his purpose (18 U.S.C. § 922(h)(1)); the firearm dealer testified that Place took time to read the question, entered his answer and signed the form in his presence; the question itself clearly and with emphasis posed the issue as being whether the judge "could have" imposed a longer sentence; the assistant clerk of the California Superior Court testified that the judge indicated in Place's presence that he could have been confined in state prison; and Place testified that he was concerned about a term in state prison when his attorney brought it to his attention; and that he was aware that he could be sent to state prison if he had stood trial and been convicted. From all of this it is clear that sufficient evidence existed to render Place's knowledge a question for the jury and to support the jury's verdict. Thus, the record as a whole establishes that the government met its burden of proving Place's false statement to have been "knowingly" made.

In *Weiler, supra,* defendant was convicted of knowingly making a false statement in an application under the Federal Firearms Act. Before the application, defendant had been placed on probation for two years, having pled guilty in Pennsylvania to assault and battery, a crime then punishable by imprisonment for more than one year. The defendant argued that because he was a layman and received only a probationary sentence, he could not have known he could have been sentenced to a term exceeding one year. Though the court did include the phrase relied upon by Place and quoted above, it did so as a hypothetical aside and clearly rejected defendant's argument:

> Here, however, the applicant made a request to a Government agency and was required to make a representation which was material to the subject matter of his request. Certainly he cannot, at least as a matter of law, be relieved of the consequences of a material misrepresentation when the means of ascertaining the truthfulness of his statement were available. There is no suggestion that the appellant was not free to fill out the form at his leisure. He must be assumed to have been aware of his own criminal convictions, at least the more serious ones. [385 F.2d at 65.]

Whether there is or should be a "rule" that an answer may not be found false when the answerer lacked expertise or special knowledge is not before us, and we indicate no view thereon. In all events, Place has not shown that his situation is one in which "such a rule would be applicable." Though counsel presently argues that Place was "compelled to sign the treasury form immediately," there is no evidence to support that argument. Indeed, from all that appears in the record, Place was perfectly free to fill out and sign the form at his leisure. Nor is there any evidence that Place was without means of ascertaining the truthfulness of his statement. Hence, Place falls directly within the *ratio decidendi* of *Weiler,* as quoted above, and he cannot be relieved as a matter of law from the consequences of his material misrepresentation on Treasury Form 4473.

Accordingly, the verdict and judgment below are affirmed.