**UNITED STATES of America, Appellee,**

v.

**Johnny Edward STOBER, Appellant.**

**No. 77–1854.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 15, 1979.

Decided Aug. 3, 1979.

Frank R. Courbois III, Oklahoma City, Okl. (David N. O'Brien, Oklahoma City, Okl., with him on brief), for appellant.

Joseph S. Davies, Jr., Atty., Dept. of Justice, Washington, D.C. (Larry D. Patton, U.S. Atty., Susie Pritchett, Asst. U.S. Atty., Oklahoma City, Okl., Paul J. Brysh and David B. Smith, Attys., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before SETH, Chief Judge, and HOLLO-WAY, McWILLIAMS, BARRETT, DOYLE, McKAY and LOGAN, Circuit Judges.

SETH, Chief Judge.

### Opinion on Rehearing En Banc

The defendant was indicted for a violation of 18 U.S.C. § 922(h) and § 924(a) for receiving firearms shipped in interstate commerce after he had been convicted of a felony. Defendant was tried without a jury, found guilty, and given a suspended sentence. He took this appeal.

The basic issue on appeal is whether the defendant had been previously convicted as the Federal Act under which he was charged requires. Defendant had entered a plea of guilty under the Oklahoma Deferred Judgment Procedure, 22 O.S.Supp.1977 § 991c and the procedure was under way. This is the previous conviction charged in the indictment here considered.

18 U.S.C. § 924(a) contains the penalty provisions and the disclosure requirements. 18 U.S.C. § 922(h) provides in part: "It shall be unlawful for any person  .  .  . who has been convicted in any court of, a crime punishable  .  .  .  to receive any firearm  .  .  .  ." The Act contains definitions, but not a definition of "convicted in any court." The courts have been left to determine whether certain procedures, which depart from the conventional, are, or result in, "convictions." Thus was the defendant Stober "convicted in any court" during the course of the Oklahoma Deferred Judgment Procedure, 22 O.S.Supp. 1977 § 991c, in which he was involved at the time or before he acquired the firearm as alleged in the indictment. Before that question can be resolved we must determine what standards or definitions are to be applied in deciding whether defendant Stober was "convicted in any court."

The defendant urges that the statutes and decisions of the State of Oklahoma, where the proceedings were had, should be followed in determining whether he was there "convicted." The Government would have the federal court where the firearm charge was brought apply its standards, or "federal" standards, and not necessarily follow state statutes and decisions.

■ We hold that the state's determination as to whether the proceedings constituted a "conviction" in its courts should have been followed by the federal trial court in this prosecution. It is obvious that there are "convictions" for some purposes and not for others in both the federal and state courts, for example, when the issue arises in the context of impeachment of a witness, as compared with recidivist statutes and most other purposes. The Oklahoma proceedings on which the indictment of defendant Stober was based were under the Oklahoma Deferred Judgment Act. This is *not* a deferred sentencing statute but a deferred judgment act. It provides in part: "Upon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings . . . ." Thus "further proceedings" are deferred before any judgment is entered on a plea. The statute *twice* says "before a judgment of guilt." There was, of course, a plea of guilty by Stober, but under the Oklahoma procedure the court did not act on it to enter a judgment of guilt, and the plea was thus not accepted or rejected. In subsequent proceedings under the Act, the plea is withdrawn or is acted upon by the court.

Both experts on Oklahoma law who testified were of the opinion that no conviction had resulted from the use of the procedure in Stober's state charge.

The Oklahoma Court of Criminal Appeals has held that a "conviction" does not come about under the Deferred Judgment Procedure. *Belle v. State*, 516 P.2d 551 (Okl.Cr.), is directly on the issue, and *Hefner v. State*, 542 P.2d 527 (Okl.Cr.), before two of the same judges, appears to assume the same consequences and refers to *Belle v. State*. Thus under the decisions of the Oklahoma state court, the defendant was not convicted in the state court during that state proceeding which became an element in the federal charge here considered. There was no conviction in the Oklahoma state courts, and no determination of guilt, says Oklahoma law. The fact that there was no determination of guilt would seem to be significant, together with the admonitions in the statute that no judgment be entered, and the procedure whereby the plea is not acted upon. The evaluation and characterization of its own proceedings by the state should be determinative. The state is free to attach what consequences it wishes to violations of its laws. If the defendant Stober does not stand convicted in Oklahoma by the Oklahoma courts before whom the proceedings were had, it is difficult to see how the federal court can hold that he was convicted in the Oklahoma courts for to do so is to have him convicted by the federal court. In these circumstances, if the federal court's test is used, it is entirely possible that another federal court could hold that the Oklahoma procedure did *not* result in a conviction. The matter can thus vary depending on venue; the defendant can be guilty in one jurisdiction but not in another. It would seem preferable to rely on the court where the proceedings were had to decide so there will be but one answer. It would not be a great burden on the federal courts to determine whether a defendant has been convicted by the court which tried him.

■ The term "convicted in any court" as used in the statute would not seem to have any unusual meaning, and the legislative history does not indicate that it should have. The term has no special significance as to the federal courts nor their internal procedure. No special rules of statutory construction are called for. There is no indication whatever of a "federal" meaning for such an ordinary phrase. It is a term in common usage, and we do not see that it means anything different from being convicted by the court which tried the accused. That court was really the only court which could convict; if he was not guilty there, he was not guilty for the purpose of making his act here concerned a crime. This position conforms with the observations as to the act generally in *Barrett v. United States*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450, which concerned the interstate transportation aspect, and in *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262,

39 L.Ed.2d 782. *See also* the general full faith and credit statute, 28 U.S.C. § 1738.

The "conviction in any court" is an element of the federal offense charged against Stober, and it must be established like any other element. There is no issue as to the admissibility of evidence—just proof of a necessary element. The requirement here is conviction in the Oklahoma court by the Oklahoma court. There is no issue of comity and no issue of preemption.

In *R. F. C. v. Beaver County,* 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 referred to by the parties, the issue was whether certain property of the R.F.C. could be taxed and whether it was "real property." The Court in *R. F. C. v. Beaver* said:

"We think the Congressional purpose can best be accomplished by application of settled state rules as to what constitutes 'real property,' so long as it is plain, . . . do not effect a discrimination . . . or patently run counter to the terms of the Act."

Also, evidentiary matters in the federal courts are peculiarly matters for determination by such courts. Thus in *United States v. Turner,* 497 F.2d 406 (10th Cir.), we held that the defendant could be impeached as a consequence of the plea under 22 O.S.Supp. 1973 § 991c, the statute here concerned. No evidentiary problems are present here, and the comparison does not help solve our problem. *United States v. Beebe,* 467 F.2d 222 (10th Cir.), was a typical suspended sentence following a jury guilty verdict. *See also Braswell v. United States,* 224 F.2d 706 (10th Cir.).

In *United States v. Dotson,* 555 F.2d 134 (5th Cir.), the Fifth Circuit held that where a district court had accepted a *nolo* plea "specifically withholding any adjudication of guilt," there was no "conviction." *See also Lott v. United States,* 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (a question under Rule 34).

Significant statements relative to our problem appear in *United States v. Place,* 561 F.2d 213 (10th Cir.), where we considered a previous conviction in California where defendant had pled guilty to grand theft. The offense was punishable by imprisonment up to ten years, but defendant was sentenced to a year in the county jail. Such imprisonment under California law made the offense a misdemeanor. There was no question whatever as to whether defendant had been convicted, and there was no question but that the possible penalty clearly met the federal statutory definition. The subsequent classification by the state *of the offense* was rejected. The only issue was the length of possible imprisonment, and clearly the federal statute had to be, and was, followed. We then said in *United States v. Place,* 561 F.2d 213 (10th Cir.):

". . . [T]he term 'convicted' must be given a nonrestrictive interpretation. Once guilt has been established, by plea or verdict, and naught but sentencing remains, a defendant has been 'convicted' within the meaning of that word in question 8.b."

In the case before us, of course, the guilt of defendant was *not* "established" by plea or otherwise because that determination was expressly reserved. The state statute expressly twice reserved it. Also, under *Place* it cannot be said that here "naught but sentencing remains." Thus *Place* cannot be applied, and the "nonrestrictive" interpretation does not come into play because the assumptions necessary for its use are not here present. A "nonrestrictive interpretation" where a determination of guilt has been expressly withheld cannot be used to convict the defendant in the federal court by assuming or attaching guilt to this guilty plea. To do so is to have the federal court find defendant guilty of two offenses rather than none. There is no problem with a nonrestrictive interpretation in the usual guilt situation contemplated by *Place,* and it should be applied. Thus it says, "[o]nce guilt has been established, by plea or verdict." *Place* did not hold that a federal rule as to convictions as such be applied because the only question presented was the length of sentence that could be served.

Thus the existence of a guilty plea does not provide an answer. It is a place to

start instead. A guilty plea often, and usually, constitutes a conviction, but not always, and this is one of the "not always" situations. What comes after is most significant. *Place* does not provide the answer either. This shows the merit in following the State of Oklahoma court decisions and statutes to decide under its Deferred Judgment Act the very limited consequence of Stober's unaccepted plea. The Government refers to the state proceedings as one for "deferred sentence," but they are not such and are of very different consequences.

■ In summary, the guilt of defendant Stober in the Oklahoma court was never determined, the plea was not accepted, judgment was withheld, and proceedings deferred. Such a plea need not be accepted. *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. Since guilt was not established as the Government asserts, as that matter was expressly withheld, there was no "conviction in any court." The statutes and case law of Oklahoma so demonstrate. The defendant certainly was not convicted by the court which tried him, and under these circumstances the federal courts cannot hold he was convicted in the Oklahoma court. The defendant is entitled to, and must, rely on the jurisdiction in which he was charged. The federal courts must also rely on the state to determine whether there was a conviction. The federal courts cannot convict Stover, and others in his position, by their view or their several views. Again, the states can decide how to punish violations of their laws, not the federal courts.

The judgment is REVERSED and the case is REMANDED with direction to dismiss the indictment.

BARRETT, Circuit Judge, dissenting:

I join in Judge Doyle's dissenting opinion.

I have some observations in addition to those expressed by Judge Doyle which I believe support the view that the term "convicted" should be determined in accordance with federal law.

The statutes here involved are part and parcel of Title IV of the Omnibus Crime Control and Safe Streets Act of 1968. The legislative history of the act is clear on the point that the Congress was intent on preventing those with criminal backgrounds from possessing firearms. The urgency of a uniform application of federal law interpretive of the term "conviction" overrides a contrary state law interpretation, in my view.

WILLIAM E. DOYLE, Circuit Judge, dissenting.

I respectfully dissent.

I contend, contrary to the majority, that the meaning of the term "convicted" is to be determined in accordance with federal law. After all, this is a federal crime and if we are to be subject to the interpretation which the courts of every state in the land give, it is going to be an unholy mess.

The defendant was prosecuted pursuant to 18 U.S.C. §§ 922(h) and 924(a). Section 922(h) declares that "It shall be unlawful for any person—(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

The majority holds that although the defendant entered a plea of guilty, since he was given the benefit of a deferred sentence, he had not been convicted under state law and hence he could not be prosecuted under federal law.

The facts are that the agents, while searching for a fugitive, went to the residence of the appellant on information that the unlawful flight subject was at the appellant's home. In the garage the agents observed an automobile which was identified as the fugitive's car. They parked their car in the driveway and went inside the garage. They talked to one Janice Holding, who had just emerged from her automobile. She was asked if the fugitive was there and she said that he was not. She was then asked if the appellant was

there and she said that he was. According to the FBI agents, they were invited into the home and were shown into the living-room where the appellant was. There, in plain sight, were a number of weapons, including a .30 caliber which was the object of some inquiry. After the agents left the place they notified the Bureau of Alcohol, Tobacco and Firearms as to the presence of the weapons in the home. The agents knew of the defendant from a prior case. They obtained a search warrant, and on February 16, 1977, executed it. Ten firearms were seized. Of these, three were the subjects of the present charges.

At trial there was a contention that the invasion of the residence was illegal. The court does not reach this subject. The trial court found that the agents were invited in, and this is final.

I shall therefore confine my discussion to the question whether the definition of "conviction" as the same is used in 18 U.S.C. § 922(h) and § 924(a) shall be left to state court decision.

I contend that federal law must govern. First, the statutes themselves do not leave this question to the forum state and that fact itself argues that the question is a federal one. Secondly, the majority view is a new concept. That fact, of course, does not in itself militate against it, but before we abandon our own decisions on the subject we should carefully consider the problem.

The strongest of these authorities is *Braswell v. United States*, 224 F.2d 706 (10th Cir. 1955). The statute which was considered in *Braswell* was somewhat different from the present firearms statute, but the case nevertheless has a great similarity in principle. It declared it to be unlawful for anyone who is under indictment or has been convicted of a crime of violence or is a fugitive from justice to ship or transport in commerce a firearm or ammunition. The defendant had been convicted of a crime of violence and was charged under the 1955 version of the firearms statute. As in the present case, the State of Texas had a provision for suspended sentence which al-

lowed a defendant who had not previously been convicted of a felony to receive such a sentence. Under the law of Texas, it was nonfinal and nonappealable.

The contention in *Braswell* was similar to that which is made here, namely, that he had not been previously convicted of a crime of violence as required by the statute. The court said:

His argument on this point hinges on the fact that after his conviction for burglary he was given advantage of the Texas rehabilitation statutes which allowed the presiding judge to suspend sentence.

224 F.2d at 709. He argues, as did the defendant-appellant here, that there was no final order and hence he had not been convicted in accordance with the federal statute. Our court stated that it would indeed be a strange construction of the statute which would impose its sanctions on those under indictment and not yet tried but would not include within its prohibition those convicted of crimes of violence and receiving suspended sentences. The court said that it was unnecessary that the conviction be final and appealable.

I evaluate the *Braswell* decision as being closely parallel to the case at bar because here it is said that since sentence had not been imposed that the plea of guilty did not constitute a conviction. Here, it is true, it is not argued that the judgment has to be appealable, but in both cases the basic problem is that the basis for the defendant's argument is that sentence had not been imposed. In *Braswell*, this court readily dismissed this argument. In the case at bar the majority embraces the argument and does so without dealing with *Braswell*. The court's action constitutes a repudiation of *Braswell*.

*United States v. Place*, 561 F.2d 213 (10th Cir. 1977), is a more recent decision of this court. In that case defendant was charged with making a false written statement in connection with the acquisition of a firearm, contrary to the statute in question. The defendant had been convicted in California, so it was alleged, for grand theft. The defendant filled out a form on which

he answered "no" to the question whether he had been convicted in any court of any crime punishable by imprisonment for a term exceeding one year. The defendant had pled guilty to grand theft and was granted probation for five years provided he first spend one year in county jail. Under California law imprisonment in only the county jail is a misdemeanor and not a crime. We held that the grand theft definition in the California code was a crime punishable for not more than ten years, and we said that the intent of Congress could be carried out only if the term "convicted" is given a nonrestrictive interpretation. We said:

> Once guilt has been established, by plea or verdict, and naught but sentencing remains, a defendant has been "convicted" within the meaning of that word in question 8.b. *United States v. Beebe,* 467 F.2d 222 (10th Cir. 1972), *cert. den.,* 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974); *United States v. Willis,* 505 F.2d 748 (9th Cir. 1974), *cert. den.,* 420 U.S. 963, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975); *United States v. Johnson,* 497 F.2d 548 (4th Cir. 1974).

\* \* \* \* \* \*

On the contrary, we are in accord with the statement of the district court in *McMullen v. United States,* 349 F.Supp. 1348 (C.D.Cal.1972), *aff'd,* 504 F.2d 1108 (9th Cir. 1974), that "the only purpose in looking to state law \* \* \* is to determine the maximum penalty which could have been imposed \* \* \*." 349 F.Supp. at 1351. 561 F.2d at 215. We went on to say:

> Having here determined that the maximum penalty \* \* \* exceeded one year, the investigation into state law is exhausted.

561 F.2d at 215.

The majority opinion constitutes a repudiation of *Place,* a relatively recent decision of this court. So, also, it is in conflict with *United States v. Beebe,* 467 F.2d 222 (10th Cir. 1972), *cert. den.,* 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974). *Beebe,* like *Place,* involved the making of a false statement regarding a criminal record. There the defendant argued that the term "convicted" was a question of fact that should have been submitted to the jury. We held, however, that it was a question of law for the court. The defendant had been sentenced to five years in prison, but the conviction was suspended and the defendant was ordered to spend four months in the custody of the Sheriff of San Diego County. We further said that the court is not required to instruct on the question of conviction. Our court did not hold in that case that the firearms conviction was subject to the state law view of what constituted a conviction. We held that the trial court was correct in determining that it was a matter of federal law. The opinion of Judge Barrett relied on *United States v. Rosenstengel,* 323 F.Supp. 499 (E.D.Mo. 1971).

In *United States v. Turner,* 497 F.2d 406 (10th Cir. 1974), we held that a guilty plea under federal law is a conviction and thus that decision is also out of harmony with the majority opinion in this case.

All of our teachings recognize that a plea of guilty constitutes a conviction. Sentencing is not necessary to bring this about. Guilt has been established once the plea is entered. It continues until it is expunged.

As a matter of policy, we should not be subject to rulings of state courts. The statute in question makes it unlawful for a person who is under indictment for, or who has been convicted of a crime to receive a firearm or ammunition. As Judge Thompson said at trial in the case at bar, in view of the fact that the statute takes cognizance of one who is merely *charged* with an offense, a strict construction should not be given to "conviction" to exclude a fact situation, such as in this case, where a plea of guilty has been entered. I agree with Judge Thompson that this strict construction is illogical. So, therefore, as a matter of law and as a matter of reason and policy, there is no justification for incorporating the state definition of "conviction" in §§ 922 and 924.

I predict that during the ensuing period while the rule is the law in the Tenth Circuit, that it will create great confusion in the minds of officers, prosecutors, lawyers and judges.

McWILLIAMS, Circuit Judge, joins in the dissent of DOYLE, Circuit Judge.