Lawrence LUCAS, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (KLEEN ALL OF AMERICA, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1998.
Decided Feb. 17, 1999.
Reargument and Reconsideration
Denied April 27, 1999.

Neil J. Marcus, Monongahela, for petitioner.

David F. Ryan, Pittsburgh, for respondent.

Before McGINLEY, J., PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

Lawrence Lucas (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) finding that medical benefit payments by Kleen All of America, Inc. (Employer) to Doyle L. Tarwater, M.D. (Provider) could be discontinued because his medical treatment of Claimant was no longer reasonable nor necessary.

On July 24, 1989, while working for Employer, Claimant sustained a work-related injury to his spine, neck, shoulder and ribs when he was involved in an automobile accident. Claimant received an anterior cervical discectomy[1] in October of 1990 for his cervical spine injuries. Because of his continuing chronic pain, Claimant began to receive medical treatments as of February 7, 1991, several times a week from Provider, including pain medication, heat treatments, hydrotherapy, ultrasound and massage. These treatments continued until July 21, 1995.

Although Claimant continued to receive medical treatments, on December 27, 1994, Employer filed a Utilization Review Petition with the Department of Labor, Bureau of Workers' Compensation (Bureau)[2]

---

1. An anterior cervical discectomy involves surgery to the C5–6 of the spine.

2. Specifically, the supersedeas process involves an initial screening by the Bureau of all petitions for utilization review to verify conformity with Sections 306(f.1)(5) and (6) and then assignment of each petition to a Utilization Review Organiza-

tion (URO) certified by the Bureau. At the time of the assignment to the URO, the Bureau forwards a Notice of Assignment to the employee, the employer and the provider of the medical treatment under review. At this point, the employer may suspend payment for the challenged treatment. See 34 Pa.Code § 127.208. This right of suspension lasts throughout the Utilization

under the then recently enacted Act 44,[3] alleging that after September 15, 1994, Provider's continued medical treatment of Claimant was unreasonable, unnecessary and excessive, and that payments for that treatment should be discontinued. Pursuant to the filing of Employer's Utilization Review Petition, the supersedeas provisions of the Workers' Compensation Act[4] ("Act"), Sections 306(f.1)(5)[5] and (6)[6] (collectively "supersedeas provisions"), were invoked allowing Employer's suspension of medical benefit payments to Provider throughout the Utilization Review process. After a review of the documents submitted by Provider and Employer, the URO issued a determination agreeing with Employer that payments could be discontinued because the continuing medical treatments were neither reasonable nor necessary. The URO discontinued payments because

Claimant had received treatments beyond the three to six month period required for rehabilitation of a cervical discectomy, had reached the point of maximum benefits, and the treatments could be done at home. Provider filed a request for reconsideration on March 22, 1995, arguing that treatment was reasonable and necessary as of September 1994 and ongoing into the future.[7] Another URO again found that treatments were unreasonable and unnecessary as of that date and denied the reconsideration.

Provider then filed a Petition for Review of the Utilization Review determination with the WCJ, alleging that the treatments provided by him to Claimant were reasonable and necessary. After a hearing, the WCJ denied the petition, again finding that the continued treatments by Provider were neither reasonable nor necessary. Provider appealed that denial to the Board, which af-

---

Review process. *See* 34 Pa.Code § 127.209. The employer's right to suspend payment can further continue beyond the Utilization Review process to a proceeding before a WCJ unless there is a Utilization Review determination made that the treatment is reasonable and necessary. *Id.*

3. The Utilization Review process was incorporated into the Workers' Compensation Act pursuant to the 1993 amendments, commonly known as "Act 44."

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

5. Section 306(f.1)(5) of the Act, 77 P.S. § 531 (5), provides in pertinent part:

(5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records *unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6),* ... (Emphasis added).

6. Section 306(f.1)(6) of the Act, 77 P.S. § 531 (6), provides in pertinent part:

(6) ... disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

i. The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe [sic], em-

ployer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

ii. The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

iii. The employer or the insurer shall pay the cost of the utilization review.

iv. If the provider, employer, employe [sic] or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under [77 Pa. C.S.A. § 711.1]. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

7. Under the 1996 amendments to Section 531 (commonly called "Act 57"), the reconsideration step was eliminated so that after the initial URO issues its decision, a dissatisfied party files a Petition for Review directly to the WCJ and a full hearing is held before the WCJ.

firmed the WCJ's decision. Claimant[8] then filed the instant appeal.[9]

On appeal, Claimant does not argue that the treatments were reasonable or necessary, but rather, contends that the Board erred by allowing suspension of medical payments to Provider prior to the WCJ's determination.[10] Claimant argues that the Board should have, *sua sponte,* applied the recent Third Circuit decision in *Sullivan v. Barnett,* 139 F.3d 158 (3rd Cir.), *cert. granted sub nom. American Manufacturers Mutual Insurance v. Sullivan,* —— U.S. ——, 119 S.Ct. 29, 141 L.Ed.2d 789 (1998), holding that the supersedeas provisions violated constitutional due process protections under the Fourteenth Amendment.[11] In *Sullivan,* petitioners' claimed, *inter alia,* that the supersedeas provisions unconstitutionally deprived them of their property interest in employment benefits without due process protections because, while the employees were notified that employers had invoked the Utilization Review process, they were neither notified that the employer could stop payments for the medical treatments pending review nor given an opportunity to dispute the allegations prior to the deprivation. The court agreed, stating that due process requires that " '[a]dequate notice detailing the reasons for a proposed termination' of a constitutionally protected liberty or property interest must be afforded to individuals prior to the deprivation," *Sullivan,* 139 F.3d at 171, (*quoting Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)), which was lacking in Act 44's supersedeas provisions because no pre-termination notice was required and no opportunity to protest the

termination prior to cessation was afforded. In order to remedy the constitutional infirmities of Act 44, the Court severed the language of the statute granting authority for supersedeas and in doing so stated:

> Thus, under our holding today we do no more than sever the "unless" clause from § 531(5) of the Act. We are thereby left with a statute that reads as follows and that requires employers or insurers to make payments in accordance with the provisions of the Act, but that does not give those employers or insurers the discretion or opportunity to invoke the supersedeas of an employee's medical benefits:
>
> > The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records.

By invalidating the clause which allowed supersedeas of the medical payments, the Third Circuit, in effect, required employers and insurers to pay providers within 30 days of the receipt of provider's bills and records until the WCJ determined that treatment was unnecessary and unreasonable. Because the supersedeas provisions were unconstitutional, Claimant contends that the medical payments to Provider should have been paid up to the date of the WCJ's decision on May 29, 1996, no matter whether the treatments were found to be unreasonable or unnecessary by the Utilization Review process.

---

8. Even though Provider was the one who challenged the initial determination that treatments were unnecessary and unreasonable through the request for reconsideration and Petition for Review before the WCJ and Board, Claimant took the instant appeal. There is no challenge that Claimant has standing to appeal.

9. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of. fact were supported by substantial evidence. *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.),* 713 A.2d 182 (Pa.Cmwlth.1998).

10. Because the supersedeas provisions are invoked upon filing of the Utilization Review Petition, no record was created concerning the suspension. However, neither party contests the fact that the supersedeas was in effect from the filing of the Petition until the WCJ's determination.

11. The Fourteenth Amendment of the United States Constitution provides, in pertinent part: ... No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law ... U.S. CONST. amend. XIV.

■ Regardless of the merits of Claimant's contention, Employer contends that because Claimant did not raise the issue below, it is waived on appeal. While normally constitutional issues not raised before an agency or in the briefs to the appellate court for the first time are waived on appeal, *Belote v. State Harness Racing Com'n*, 688 A.2d 264 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 548 Pa. 683, 699 A.2d 736 (1997), pursuant to Pa. R.A.P. § 1551(a)(1),[12] issues concerning the validity of a statute may be raised for the first time on appeal, including the present claims of the unconstitutionality of the supersedeas provisions of Act 44. *Blanco v. Pennsylvania Board of Private Licensed Schools*, 718 A.2d 1283, n. 3 (Pa.Cmwlth.1998). The validity of a statute is not waived on appeal because an agency does not have jurisdiction to determine the constitutionality or validity of its own enabling legislation. *Philadelphia Life Ins. Co. v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963). Consequently, Claimant was not precluded from raising the constitutionality of the supersedeas provisions of Act 44 for the first time before this Court.

■ Even if the issue is not waived, and while not challenging *Sullivan* directly,[13] Employer contends that, unlike in *Sullivan*, Claimant did not suffer a cessation of treatment and all that is involved here is that Provider will not be paid for his unreasonable and unnecessary treatment. Contrary to Employer's contention that *Sullivan* does not apply when Provider was not paid for the treatment, the Third Circuit noted that, notwithstanding the supersedeas provisions, under the Utilization Review process, "medical providers are not forbidden from continuing to furnish medical services to employees who are subjected to such review, although any such treatment is rendered with the risk that the medical provider ultimately may not be compensated depending upon the resolution of the utilization review." *Sullivan*, 139 F.3d at 164. Even though recognizing that treatments may continue during the Utilization Review process, as they did here, the Third Circuit nonetheless invalidated the *entire* supersedeas provision of the Act, nullifying authority for *any and all* employers or insurers to stop making medical payments to providers, no matter whether treatment continued or not. It did so apparently because it did not want a claimant's treatment to depend on the sufferance of the provider when the claimant was never officially afforded a due process hearing as to whether those treatments were reasonable or necessary prior to termination. Because *Sullivan* applies to the present case, Provider should have been paid up until the date of the WCJ's decision. *See ADIA Personnel Agency, et al. v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa.Cmwlth. 405, 586 A.2d 507 (1991), *petition for allowance of appeal denied*, 528 Pa. 624, 597 A.2d 1154 (1991). Accordingly, the decision of the Board is reversed insofar as it allowed suspension of payments to Provider from Employer's filing of the Utilization Review Petition on December 27, 1994, through the WCJ's decision on May 29, 1996, and remanded for a calculation of medical payments to be paid to Provider.

### ORDER

AND NOW, this *17th* day of *February*, 1999, the order of the Workers' Compensation Appeal Board dated September 16, 1998, at No. A96–2095, is reversed insofar as it allowed suspension of payments to Provider from Employer's filing of the Utilization Review Petition on December 27, 1994, through the WCJ's decision on May 29, 1996, and

---

12. Pa. R.A.P. § 1551(a)(1), states in pertinent part:
   (a) Review of Quasijudicial Orders. Review of quasijudicial orders shall be heard by the court on the record. No question shall be heard or considered by the court which was not raised before the government unit except:
   (i) Questions involving the validity of a statute.
   ❋      ❋      ❋

13. We note that the Third Circuit decision in *Sullivan* is not binding on this Court, *Weaver v.*

*Pennsylvania Board. of Probation and Parole*, 688 A.2d 766 (Pa.Cmwlth.1997), but because only its applicability and not its correctness is challenged, we will assume that the Third Circuit correctly decided this issue.

remanded for a calculation of medical payments to be paid to Provider.

Jurisdiction relinquished.