### PENNSYLVANIA STATE POLICE, Petitioner,

v.

### Eric W. DENTON, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 3, 2001.

Decided May 15, 2001.

Reargument Denied July 23, 2001.

Joanna Reynolds, Harrisburg, for petitioner.

Michael P. Gottlieb, Norristown, for respondent.

Before HONORABLE ROCHELLE S. FRIEDMAN, Judge, HONORABLE BONNIE BRIGANCE LEADBETTER, Judge and HONORABLE JOSEPH F. McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

The Pennsylvania State Police (PSP) petition for review of the April 24, 2000 order of an Administrative Agency Law Judge (AALJ) upholding the appeal of Eric W. Denton (Denton) from the PSP's denial of Denton's application for a license to carry a firearm. We affirm.

Denton applied to the Office of Sheriff of Montgomery County (the Sheriff) for a license to carry a concealed firearm. The Sheriff accessed the PSP's instant check system to determine whether Denton had a disqualifying criminal record. The criminal history records indicated that Denton had been convicted of theft on August 13, 1986, a misdemeanor of the first degree. As a result, the Sheriff denied Denton's application.

Denton filed a challenge with the PSP, which, upon review, determined that Denton's criminal history records were accurate. Denton then appealed to the Office of Attorney General, and a hearing was held before the AALJ. The AALJ found that Denton had pleaded guilty to theft of $175.00. The AALJ further found that the crime did not have any enhancing elements, such as threat or breach of a fiduciary relationship. Thus, the AALJ concluded that the PSP's criminal records should have shown that Denton was convicted of a misdemeanor of the second degree, which is *not* a disqualifying conviction with respect to his firearm application. The AALJ issued an order directing the PSP to correct Denton's criminal record and to notify appropriate entities of the correction.

On appeal to this court,[1] the PSP argues that the record lacks substantial evidence to support the AALJ's finding that Denton was convicted of a misdemeanor of the second degree. We disagree.

The record contains a Bill of Information relating to criminal docket number 1922–86 indicating that the district attorney of Montgomery County charged Denton with theft by deception of $175.00 from Hatfield Sunoco Station. (R.R. at 72a.)

The record also contains a document indicating that Denton entered a plea of guilty with respect to the Bill of Information at criminal docket number 1922–86. (R.R. at 74a.) Theft of an amount that is fifty dollars or more but less than $200.00 constitutes a misdemeanor of the second degree unless the property was taken "from the person" or by threat or in breach of a fiduciary obligation. Section 3903(b)(1) of the Crimes Code, 18 Pa.C.S. § 3903(b)(1). The record contains no evidence that the $175.00 was taken "from the person" or by threat or in breach of a fiduciary obligation. Certainly, a reasonable person could conclude that Denton was convicted of a misdemeanor of the second degree; thus, there is substantial evidence to support the AALJ's finding.[2]

Accordingly, we affirm.

### ORDER

AND NOW, this 15th day of May, 2001, the order of the Administrative Agency Law Judge, dated April 24, 2000, is hereby affirmed.

McCLOSKEY, Senior Judge, Dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the decision

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Bellum v. Pennsylvania State Police*, 762 A.2d 1145 (Pa.Cmwlth.2000).

2. The PSP argues that the AALJ should have found that Denton was convicted of a misdemeanor of the first degree based on a computer printout of the docket from the court of common pleas. (R.R. at 78a.) This printout shows the offense grading as M1 and indicates that Denton received a sentence of three years probation, an appropriate sentence for a M1 offense. (R.R. at 78a.) However, the PSP acknowledged at the hearing that the court of common pleas certified only that the printout, which contained information entered by a data entry clerk, was what the court provided to the PSP. (R.R. at 45a, 58a.) In other words, the court of common pleas did *not* certify that the information was correct. Indeed, the PSP conceded that the PSP receives many records from the courts of common pleas that are incorrect and that, in this particular case, there is a discrepancy between the Bill of Information and the sentence that Denton received. (R.R. at 53a, 60a.) As the fact finder, the AALJ was entitled to weigh the evidence in light of such admissions.

of the Administrative Law Judge (ALJ), finding that Eric W. Denton (Denton) was convicted of a misdemeanor of the second degree (M 2), is supported by substantial evidence.

At the hearing before the ALJ, the parties introduced into the evidence the following:

1) Certified copy of Denton's guilty plea colloquy. (R.R. at 66a 71a).

2) Certified copy of Denton's Bill of Information showing he pled guilty to theft by deception involving the amount of $175.00. (R.R. at 72a).

3) Certified copy of Denton's Bill of Information showing that the charge of theft by receiving stolen property was nol prossed. (R.R. at 73a).

4) Certified copy of Denton's sentencing sheet showing that he was released on probation for a period of three years. (R.R. at 83a–84a).

5) A computer printout of the docket from the Montgomery County Court of Common Pleas (trial court) showing the grading of the offense as "M–1." (R.R. at 78a).

6) Denton's fingerprint card. (R.R. at 81a–82a).

I believe that the docket entry from the trial court is alone sufficient evidence to support the finding that Denton was convicted of a misdemeanor of the first degree (M–1), a disqualifying conviction. Based on this document, I would have concluded that the ALJ's decision was in error.

The effect of the majority opinion in this case is to allow an ALJ to rectify an alleged problem with a trial court record. Undoubtedly, the ALJ does not have such unbridled power. In my opinion, the proper procedure would have been for Denton, via a petition to the trial court, to seek to have his records corrected.[1] Had the trial court taken such action, the ALJ would have had every right to make the decision he did.

Allowing an ALJ to alter a trial court document sets dangerous precedent and, accordingly, I would have reversed the order of the ALJ.

---

1. Furthermore, I note that Denton could have pursued other avenues to restore his right to possess a firearm, i.e., petition the trial court to expunge his criminal record pursuant to 18 Pa.C.S. § 9122, petition the trial court for relief from firearms disability pursuant to 18 Pa.C.S. § 6105(d), or petition the Treasury Secretary for relief from firearms disability pursuant to Section 925(c) of the Federal Gun Control Act of 1968, 18 U.S.C. § 925(c).