**Michael S. LEHMAN, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.

Decided Aug. 17, 2001.

Leonard G. Brown, III, Lancaster, for petitioner.

Joanna N. Reynolds, Harrisburg, for respondent.

Before DOYLE, President Judge, COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., KELLEY, J., and LEADBETTER, J.

McGINLEY, Judge.

Michael S. Lehman (Lehman) seeks review of an October 2, 2001, order of the Office of Attorney General (OAG), that denied Lehman's request for relief from the Pennsylvania State Police's (PSP) denial of Lehman's application to purchase a firearm, pursuant to Section 922(g) of the

Federal Gun Control Act (GCA), 18 U.S.C. § 922(g)[1].

Lehman was arrested in September of 1962 for stealing a case of beer worth $3.38 from a neighbor's back porch in Lancaster, Pennsylvania. He pled guilty to larceny and was sentenced to probation and fined the costs of prosecution. At the time of his conviction, Section 807 of the Penal Code provided that larceny was a felony punishable by a maximum penalty of a fine of $2,000.00 and five years imprisonment.[2] The same criminal conduct, if committed today, qualifies as a third degree misdemeanor. Section 3903(b) of the Code (Code), 18 Pa.C.S. § 3903(b).[3]

On April 21, 2000, Lehman attempted to purchase a rifle from a retailer in Columbia, Pennsylvania. Pursuant to the procedure set forth in Section 6111 of the Pennsylvania Uniform Firearms Act (Pa.UFA), 18 Pa.C.S. § 6111, the retailer requested a check of Lehman's criminal history by the PSP. The PSP reviewed its criminal history files to determine if Lehman was prohibited from possessing a firearm under federal or state law. The check uncovered Lehman's larceny conviction and any right to purchase was denied.

On April 21, 2000, Lehman challenged the accuracy of his criminal record. On May 11, 2000, the PSP confirmed the denial by letter on the basis that his larceny conviction was a disqualifying offense under Section 6105(b) of the Pa.UFA, 18 Pa.C.S. § 6105(b).

Lehman requested a hearing pursuant to Section 6111.1(e) of the Pa.UFA, 18 Pa.C.S. § 6111.1(e)[4], and alleged that his

---

1. Section 922(g) of the GCA, 18 U.S.C. § 922(g) provides that "[i]t shall be unlawful for any person .... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; to possess .... any firearm .... or to receive any firearm .... which has been shipped or transported in interstate or foreign commerce."

2. Penal Code Section 807 had provided that larceny is "a felony ... and ... upon conviction thereof, [a violator shall] be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both."

3. Section 3903(b) of the Crimes Code, 18 Pa. C.S. § 3903(b), now provides:

   Other grades.—Theft not within subsection (a) or (a.1) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
   ....
   (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.
   Section 106(b)(9)of the Crimes Code, 18 Pa. C.S. § 106(b)(9), provides:

   A crime is a misdemeanor of the third degree .... if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year.

4. Section 6111.1(e) of the Pa.UFA, 18 Pa.C.S. § 6111.1(e) provides:

   Challenge to Records.—Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history, juvenile delinquency history or mental health record pursuant to a denial by the instantaneous records check in accordance with procedures established by the Pennsylvania State Police. The decision resulting from a challenge under this subsection may be appealed to the Attorney General within 30 days of the decision of the Pennsylvania State Police. The decision of the Attorney General may be appealed to the Commonwealth Court in accordance with court rule.
   Here, Lehman correctly challenged the accuracy of his criminal record and appealed his denial to the Office of the Attorney General. If Lehman did not challenge the accuracy of his record, he could have filed an application to the court of common pleas of the

larceny conviction was not an enumerated offense that disqualified him from purchasing a firearm under the Pa.UFA. Lehman claimed that pursuant to Section 6105 of the Pa.UFA, 18 Pa.C.S. § 6105, a larceny conviction is disqualifying only where there is a second conviction. Subsequently, the PSP notified Lehman in a second letter, dated July 5, 2000, that because his larceny conviction was punishable by imprisonment of more than one year it was unlawful for Lehman to possess a firearm pursuant to Section 922 of the GCA, 18 U.S.C. § 922.

At the July 19, 2000, hearing before the Administrative Law Judge (ALJ), only Lehman testified:

Q: When you got your letter or notice from the [PSP], what reason did they give you for denying you the right to purchase a firearm? Was it state law?

A: Yes, Section 6105, I think it is.

Q: How many felonies are needed under Section 6105 before they can deny you the right to purchase?

---

county where he resides and sought relief from the firearm disability pursuant to Section 6105(d) of the Pa.UFA, 18 Pa.C.S. § 6105(d).

5. The ALJ to Kelly:

Q:....[Y]ou are suggesting that the one conviction was a felony and you are saying it's not a disqualifier under Pennsylvania law; it's a disqualifier under 922(g)(1) of Federal law because it carried a term of imprisonment exceeding one year?

A: That's correct.....

Q: ... But that paragraph troubles me. And the application of that paragraph to these types of convictions and how the [PSP] are interpreting that to have this court ....addressing a situation where a $3.38 case of beer prohibits a citizen from hunting and pursuing what would normally be construed as legitimate law-abiding sportsmen activities.

A: I don't dispute that there seems to be a disparity between what Mr. Lehman was convicted of and what the law is today. But nonetheless, he was charged with larceny.

A: There was nothing under larceny. And there was robbery or burglary. And they had taking or stealing—I use the words larceny—second felony offense. So I go back and circled that, figured that is the best description of what I did. And they sent back—I think it was under the Federal law, Section 18 or something.

Notes of Testimony (N.T.), July 19, 2000, at 7; Reproduced Record at 49.

Michael Kelly (Kelly), the representative for the PSP, acknowledged that the firearm disability relied upon and applied to Lehman was under the GCA, and not the Pa.UFA, as Lehman was originally informed. N.T. at 12; R.R. at 54. The ALJ questioned Kelly about the PSP's interpretation of Lehman's felony conviction and whether he was precluded from purchasing a firearm.[5]

On October 2, 2000, the ALJ denied Lehman's request for relief under the Pa. UFA [6] and GCA:

The charge of larceny in 1962 was graded a felony crime with a term of imprisonment up to five years.....

Q:....And, therefore, since that larceny was considered a felony in [19]62, then Federal law comes in to be the disqualifier. Is that a correct interpretation of the State Police's position?

A: That's correct. When an individual comes through the instant check, the duties and responsibilities of the State Police are to determine their eligibility under both state and Federal law.

N.T. at 14 and 15; R.R. at 56–58.

6. This Court notes that the PSP does not argue that Lehman was properly denied the purchase of a firearm under Pa.UFA. In any event Lehman only had one larceny conviction and therefore could not have been denied a purchase of a firearm under Section 6105 of the Pa.UFA. Therefore, this Court will only address Lehman's challenge under the GCA.

There is no dispute by either party as to the accuracy of Petitioner [Lehman]'s record of conviction as maintained by the Respondent [PSP]. Petitioner [Lehman] readily admitted that he was in fact guilty of the crime charged (Larceny, Penal Code § 807) and properly reflected on Petitioner [Lehman]'s official criminal history record maintained by the Respondent [PSP]. . . . .

We find that Petitioner [Lehman]'s interpretation of the law in this matter to be incorrect.

Petitioner [Lehman] was found guilty in 1962 of conduct that when examined today disqualifies him from the ability to purchase/carry/transfer or obtain a license for a firearm.

The statutes, both state and federal leave little room for interpretation. Petitioner's [Lehman's] conduct was a felony punishable by a term of imprisonment of up to five (5) years. Under both state and federal law this is a prohibiting sentence regarding firearm matters.

It is clear from the reading of 18 Pa.C.S.A. § 6105 of the UFA that the conduct that Petitioner [Lehman] was found guilty of in 1962 was criminal then and continues to be criminal now. The only modification has been to the section of the present day crimes code that would be applicable to the grading of the offense today.

The Commonwealth Court in *Bellum* [*v. Pa. State Police*, 762 A.2d 1145 (Pa. Cmwlth.2000) ], (citing *United States v. Place*, 561 F.2d 213 (10th Cir.1977) cert. denied, 434 U.S. 1000 [98 S.Ct. 643, 54 L.Ed.2d 496] (1977) is instructive) has recently affirmed the application of this principle to matters involving the UFA and specific appeals.

'. . . W]e have before us a fundamental change in the statute itself that resulted in a lesser penalty. While these cases are indeed different, we nevertheless conclude that the decision in *Place* is enlightening. The strong language in *Place* leaves us with little doubt that we must look to the penalty at the time of the conviction without regard to any after the fact changes. . . . Moreover, we believe that this is the most reasonable and practicable result that could have been reached.'

In light of the Commonwealth Court ruling in Bellum we find that Petitioner [Lehman] was properly prohibited under the terms of the UFA and the GCA. It is the conduct and punishment for that conduct at the time of its occurrence that applies to Petitioner [Lehman] for purposes of firearm legislation.

Opinion of Administrative Law Judge, October 2, 2000, at 3–6.

■ On appeal [7], Lehman contends that the denial of his application to purchase a firearm based upon Section 922(g) of the GCA, 18 U.S.C. § 922(g) constituted a violation of the ex post facto clause [8] of the United States Constitution.[9] Specifi-

---

7. This Court's review is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

8. Article I, Section 9, Clause 3 of the United States Constitution provides that "[n]o Bill of Attainder or ex post facto Law shall be passed."

9. This Court has previously determined that it has jurisdiction to review the constitutionality of federal statutes. *See Hawrylak v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 223, 459 A.2d 883 (1983); *Klesh v. Department of Public Welfare*, 55 Pa. Cmwlth. 587, 423 A.2d 1348 (1980).

cally, Lehman asserts that he could have lawfully purchased a firearm after his 1962 larceny conviction until the amendment to the GCA in 1986, more than twenty-four years after his conviction.[10] To the contrary, the PSP cites *United States v. Brady*, 26 F.3d 282 (2d Cir.1994), *cert. denied*, 513 U.S. 894, 115 S.Ct. 246, 130 L.Ed.2d 168 (1994), in support of its position that Section 922(g) of the GCA is not a violation of the ex post facto clause.[11]

In *Brady*, Michael DeMatteo (DeMatteo) was involved in a war between rival organized crime families. DeMatteo was arrested and convicted of the offense of being a felon in possession of a firearm, a violation of Section 922(g). The firearm violation was based upon DeMatteo's 1951 felony conviction.

On appeal, DeMatteo argued that "his 1951 felony conviction cannot serve as a predicate for the offense of being a felon in possession of a firearm in violation of [GCA] 18 U.S.C § 922(g)", and that the "application of the statute to the predicate violation violates the Ex Post Facto clause of the United States Constitution." *Id.* at 290. The United States Court of Appeals for the Second Circuit reviewed the issue as to whether Section 922(g) of the GCA, 18 U.S.C. § 922(g), was an ex post facto law:

> DeMatteo's claim is meritless. A criminal or penal law is ex post facto if it is retrospective and it disadvantages the offender affected by it. The critical question in evaluating an ex post facto claim 'is whether the law changes the

**10.** The GCA was passed in 1968. The provision that prohibited convicted felons from purchasing or owning a firearm was not a part of the GCA until it was amended in 1986. Lehman could have lawfully possessed or purchased a firearm before the 1986 amendment.

**11.** Lehman also raises the following constitutional issues: (1) that his constitutional right to bear arms was violated; (2) that he was denied due process and equal protection under the law; and (3) that the denial of his appeal constituted cruel and unusual punishment.

"[I]ssues concerning the *validity of a statute* may be raised for the first time on appeal...." *Lucas v. Workers' Compensation Appeal Board (Kleen All Of America, Inc.)*, 727 A.2d 599 (Pa.Cmwlth.1999), citing *Blanco v. Pennsylvania Board of Private Licensed Schools*, 718 A.2d 1283, n. 3 (Pa.Cmwlth. 1998). (emphasis added). However, in *Newlin Corporation v. Department of Environmental Resources*, 134 Pa.Cmwlth. 396, 579 A.2d 996 (1990), this Court addressed the issue of whether constitutional issues, other than the challenges to the validity of a statute, must first be raised before a governmental agency. In *Newlin,* this Court stated:

> Newlin and Somerset raise two classes of *constitutional violations* .... [f]irst, due process violations ....[and s]econd, Newlin and Somerset raise a just compensation vi-

olation argument predicated on the Fifth Amendment....

> We ... note that Newlin and Somerset failed to raise these *constitutional claims* to the [Environmental Hearing Board]. Newlin and Somerset argue that since the EHB is an administrative hearing board within the [Department of Environmental Services], constitutional claims could not be adjudicated before it. This argument is unpersuasive. *As Newlin and Somerset failed to raise these constitutional objections* before the EHB, they are precluded from raising them for the first time before this court. Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703. (citations omitted). (emphasis added).

*Id.* at 1000. Here, Lehman did not raise these constitutional issues before the ALJ. Therefore these alleged constitutional violations are waived.

Additionally, Lehman contended that the PSP failed to prove that the firearm that he attempted to purchase traveled in interstate commerce and that his equitable rights as a citizen of the Commonwealth were violated because the denial of his right to purchase a firearm far exceeded just punishment for his conviction. Again, Lehman has failed to raise these issues before the ALJ and therefore the issues are waived. Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703.

legal consequences of acts completed before its effective date.' A statute does not violate ex post facto principles where it applies to a crime that 'began prior to, but continued after' the statute's effective date.

One of the principal aims of the Ex Post Facto clause is to ensure individuals have fair notice of what conduct is criminally proscribed. Courts have determined that Congress intended statutes prohibiting felons from possessing firearms to reach 'persons convicted of felonies prior to [the effective date of the statute].'

DeMatteo violated section 922(g) long after it became the law. Section 922(g) became effective in 1986. DeMatteo's possession of a gun from which the current conviction arises occurred on June 10, 1992. Regardless of the date of DeMatteo's prior conviction, the crime of being a felon in possession of a firearm was not committed until well after the effective date of the statute under which he was convicted. By 1992 DeMatteo had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the law. Therefore, the Ex Post Facto clause was not violated by the use of a 1951 felony conviction as a predicate for a violation of § 922(g). (citations omitted).

*Id.* at 291.[12]

In *National Association of Government Employees, Inc. v. Barrett,* 968 F.Supp. 1564 (N.D.Ga.1997), *affirmed by Hiley v. Barrett,* 155 F.3d 1276 (11th Cir.1998), the United States District Court for the Northern District of Georgia analyzed

*Brady.* In *Barrett,* William Hiley (Hiley) had been employed as a deputy sheriff for Fulton County, Georgia, since 1990. In 1995, Hiley pleaded "no contest" to a misdemeanor charge of domestic violence and was sentenced to a twelve-month period of probation. In 1996, Section 922(g) of the GCA was amended to make it unlawful for any person convicted of a misdemeanor crime of domestic violence to purchase or possess firearms. Hiley was dismissed from his job as deputy sheriff because he could no longer lawfully carry a firearm. Hiley and the National Association of Government Employees (Union) argued, among other claims, that the amendment was an ex post facto law.

The United States District Court outlined the criteria necessary for a violation of the ex post facto clause:

The United States Constitution prohibits Congress from passing an ex post facto law. 'To fall within the *ex post facto* prohibition, a law must be retrospective—that is, "it must apply to events occurring before its enactment"—and it "must disadvantage the offender affected by it" by altering the definition of criminal conduct or increasing the punishment for the crime.' Plaintiffs' [Hiley and Union] claim that 922(g)(9) violates the Ex Post Facto Clause fails because 922(g)(9) is not retrospective.

Plaintiffs' [Hiley and Union] argument that 922(g)(9) is retrospective is based on the fact that 922(g)(9) prohibits an individual convicted of a misdemeanor crime of domestic violence from possessing a firearm even if the individual's conviction occurred *prior* to the effective date of 922(g)(9). Defendants counter

---

12. See also *United States v. Jordan,* 870 F.2d 1310 (7th Cir.), *cert. denied* 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989); *United States v. Matassini,* 565 F.2d 1297 (5th Cir. 1978); *United States v. Sutton,* 521 F.2d 1385 (7th Cir.1975).

this argument by pointing out that the activity prohibited by 922(g)(9) is the post-enactment possession of a firearm, *not* the pre-enactment misdemeanor crime of domestic violence. Defendants' argument comports with the decision of *United States v. Brady*. In *Brady*, the Second Circuit addressed an ex post facto challenge to 922(g)(1) whereby a defendant argued that his 1951 felony conviction could not serve as an element of the offense prohibited by that section of the gun control laws. In rejecting defendant's challenge, the court held:

> Regardless of the date of [defendant's] prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute .... by [the date of defendant's conviction under 922(g)(1), defendant] had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the law. Therefore, the Ex Post Facto clause was not violated by the use of a 1951 felony conviction as a predicate for a violation of 922(g).

*Brady*, 26 F.3d at 291. *Cf. Landgraf v. USI Film Products*, 511 U.S. 244, 269 n. 24,[ 114 S.Ct. 1483, 128 L.Ed.2d 229] (1994) ("[A] statute 'is not made retroactive merely because it draws upon antecedent facts for its operation.' ") (quoting *Cox v. Hart*, 260 U.S. 427, 434–37 [43 S.Ct. 154, 67 L.Ed. 332] (1922)); *United States v. Allen*, 886 F.2d 143, 146 (8th Cir.1989) ("So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation."). Finding defendants' argument and the *Brady* opinion persuasive, the court holds that because 922(g)(9) does not criminalize conduct that oc-

curred prior to its effective date, it is not retrospective and thus not violative of the Ex Post Facto Clause. (citations omitted and emphasis in original).

*Id.* at 1575.

The United States Court of Appeals for the Eleventh Circuit affirmed the United States District Court.

The factual situations in *Brady* and *Barrett* are similar to the present controversy. Hiley, DeMatteo, and Lehman were all convicted of a crime that did not preclude them from purchasing and possessing a firearm prior to the 1986 or 1996 amendments to the GCA. After the amendments it became illegal for them to purchase or possess a firearm and they challenged the amendments to the GCA as being violative of the ex post facto clause.

As noted, the United States Courts of Appeal for the Second and Eleventh Circuits and the United States District Court for the Northern District of Georgia have determined that Section 922(g) and the subsequent amendments to the GCA are not tantamount to an ex post facto law because the amendments were not retrospective. These federal Courts have concluded that the denial of the right to purchase and the denial of the right to possess a firearm, outlawed by the amendments, was not based upon the individual's prior predicate conduct. Further, *Brady* and *Barrett* clearly control situations where an individual, who had been legally in possession of a firearm or who could formerly purchase a firearm legally under the GCA, may not buy or possess a firearm after the 1986 and 1996 amendments to the GCA. That window has been closed and that right extinguished by Congress.

Therefore, this Court is constrained to hold that the 1986 amendment to the GCA

does not violate the ex post facto clause of the United States Constitution.[13]

Accordingly, we affirm.

Judge COLINS, dissents.

Judge KELLEY, dissents.

### ORDER

AND NOW, this 17th day of August, 2001, the order of the Office of Attorney General in the above-captioned matter is affirmed.

---

**13.** This Court noted in *Bellum* that those individuals denied the ability to purchase firearms could apply to the Treasury Secretary who could relieve firearm disabilities, and if the Secretary denied that application, the applicant could seek review in federal district court. *See* 18 U.S.C. § 925(c). Additionally, individuals within the Commonwealth may apply to the court of common pleas in their county of residence to have their firearm disabilities removed. *See* 18 Pa.C.S. § 6105(d).