Pennsylvania State Police,      :
           Petitioner      :
                       :
          v.             :
                       :
Gerard Joseph Mangold,      :   No. 718 C.D. 2023
           Respondent    :   Submitted: June 4, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge (P.)
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: July 16, 2024


The Pennsylvania State Police (PSP) petitions this Court for review of the Pennsylvania Attorney General's Office, Office of Administrative Law Judge's (ALJ) June 9, 2023 order granting Gerard Joseph Mangold's (Mangold) request for relief from PSP's determination that Mangold is prohibited by the Pennsylvania Uniform Firearms Act of 1995 (UFA), 18 Pa.C.S. § 6105, and the Federal Gun Control Act, 18 U.S.C. § 922(g)(1), from purchasing a firearm. PSP presents two issues for this Court's review: (1) whether the ALJ erred by determining that Mangold was not prohibited from acquiring a firearm; and (2) whether the ALJ erred by not issuing a formal adjudication in this case. After review, this Court reverses.

In January 2011, Mangold pleaded guilty in the Montgomery County Common Pleas Court (Common Pleas) to two counts (Counts 13 and 14 of the Amended Information) of violating Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[1] 35 P.S. § 780-113(a)(16) (Possession of a Controlled Substance). Both counts were graded as misdemeanors. For

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 - 780-144.

sentencing purposes, Mangold was treated as though Count 13 was a misdemeanor punishable by up to one year of incarceration and Count 14 was punishable by up to three years of incarceration. On or about June 12, 2021, Mangold failed the PSP background check that is required when an individual attempts to purchase or transfer a firearm because one of his convictions for Possession of a Controlled Substance was punishable by up to three years' incarceration and, therefore, triggered the Pennsylvania firearm prohibition set forth at Section 6105(c)(2) of the UFA, 18 Pa.C.S. § 6105(c)(2).[2]

On or about June 30, 2021, Mangold filed an administrative challenge with PSP pursuant to Section 6111.1(e) of the UFA, 18 Pa.C.S. § 6111.1(e), requesting a review of his background check denial. PSP upheld Mangold's denial on August 25, 2021, and Mangold filed a timely appeal for a hearing before an ALJ. The ALJ held a hearing on February 6, 2023, and the ALJ granted Mangold's appeal on June 9, 2023. The ALJ determined that PSP had not met its burden of proving Mangold's firearm prohibition exists. PSP appealed to this Court.[3]

Initially, Section 6111.1(e) of the UFA instructs:

**Challenge to records.--**

(1) Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture[,] or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history, juvenile delinquency history[,] or mental health record pursuant to a denial by the instantaneous

---

[2] PSP is required by law to determine whether a firearm purchaser is prohibited from acquiring that firearm pursuant to both state and federal law. *See* Section 6111.1(b) of the UFA, 18 Pa.C.S. § 6111.1(b).

[3] This Court's "review is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed[,] or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Bellum v. Pa. State Police*, 762 A.2d 1145, 1147 n.6 (Pa. Cmwlth. 2000).

records check by submitting a challenge to [PSP] within 30 days from the date of the denial.

(2) [PSP] shall conduct a review of the accuracy of the information forming the basis for the denial and shall have the burden of proving the accuracy of the record. Within 20 days after receiving a challenge, [PSP] shall notify the challenger of the basis for the denial, including, but not limited to, the jurisdiction and docket number of any relevant court decision and provide the challenger an opportunity to provide additional information for the purposes of the review. [PSP] shall communicate its final decision to the challenger within 60 days of the receipt of the challenge. The decision of [PSP] shall include all information which formed a basis for the decision.

(3) If the challenge is ruled invalid, the person shall have the right to appeal the decision to the Attorney General within 30 days of the decision. The Attorney General shall conduct a hearing de novo in accordance with the Administrative Agency Law.[4] The burden of proof shall be upon the Commonwealth.

(4) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved party.

18 Pa.C.S. § 6111.1(e).

PSP first argues that the ALJ erred by determining that Mangold was not prohibited from acquiring a firearm. Specifically, PSP contends that it presented competent evidence showing Mangold's conviction and that, by operation of Section 6105(c)(2) of the UFA, Mangold is prohibited from acquiring a gun. PSP further asserts that the ALJ erred by holding that Mangold's conviction had been expunged pursuant to Section 17 of the Drug Act (Section 17), 35 P.S. § 780-117.[5] PSP

---

[4] 2 Pa.C.S. §§ 501-508, 701-704.

[5] Section 17(3) of the Drug Act provides:

Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent

3

maintains that the ALJ found Mangold's conviction expunged, despite that PSP obtained and introduced into evidence certified copies of criminal court documentation showing the continued existence of the conviction as recent as three days before the hearing in this matter. Mangold rejoins that his testimony that he received a Section 17 disposition and the Common Pleas' expungement order on that basis constitute substantial evidence in support of the ALJ's decision.[6]

> Section 6105 of the UFA provides, in relevant part:
>
> [(a)](1) A person who has been convicted of an offense enumerated in subsection (b) . . . or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer[,] or manufacture or obtain a license to possess, use, control, sell, transfer[,] or manufacture a firearm in this Commonwealth.
>
> . . . .
>
> [(c)](2) A person who has been convicted of an offense under the [Drug Act], or any equivalent [f]ederal statute or equivalent statute of any other state, that may be

---

convictions: Provided, That probation without verdict shall be available to any person only once: And further provided, That notwithstanding any other provision of this act, the prosecuting attorney or the court, and the council shall keep a list of those persons placed on probation without verdict, which list may only be used to determine the eligibility of persons for probation without verdict and the names on such lists may be used for no other purpose whatsoever.

35 P.S. § 780-117(3).

[6] Mangold retorts in the alternative that, in the event this Court finds that evidence insufficient, it should modify and then affirm the ALJ's order on the basis that even if Mangold was convicted of the two violations of the Drug Act, those violations arose from the same occurrence and could not have been punishable by a term of imprisonment in excess of two years, and any such sentence could not have been lawfully imposed. The ALJ did not address this issue, as the expungement order was the only documentary evidence Mangold submitted. The evidence PSP presented indicated a maximum sentence of three years for Count 14, the charge to which Mangold pleaded guilty. Neither the ALJ nor this Court may look beyond the record to make the determination that Mangold suggests.

4

punishable by a term of imprisonment exceeding two years.

18 Pa.C.S. § 6105.

At the ALJ hearing, PSP presented, *inter alia*, a certified copy of the Common Pleas' docket entries for Mangold's criminal case No. CP-46-CR-0007178-2010.[7] *See* Reproduced Record (R.R.) at 134a-148a. Those docket entries reflect Counts 13 ("35 § 780-113 §[] A16 Int Poss Contr Subst By Per Not Reg"), and 14 ("35 § 780-113 §[] A16 Int Poss Contr Subst By Per Not Reg") charged against Mangold. R.R. at 135a. They further reveal the lower court disposition as negotiated guilty plea for both counts. *See* R.R. at 136a. PSP also introduced the Criminal Information (Information) against Mangold,[8] *see* R.R. at 112a-113a, which stated: "Amended to Add Counts 13 and 14 Possession of Controlled Substance (M)." R.R. at 113a. In addition, PSP offered the Guilty Plea initialed by Mangold, which included: "2 cts [] opiate[;] 3 yrs Rep Probation[;] 1 yr ct 1[,] 2 yr[s] ct 2[;] [$]1000[.00] fine, 48 hrs c/s, drug/alc coun if nec[.]" R.R. at 115a. Further, PSP proffered the Common Pleas' sentencing order indicating Mangold pleaded guilty to "7178-10 (13) (14) amended to Poss (um) (added)," R.R. at 130a, and that Mangold was sentenced to, *inter alia*, "2 years['] probation and costs."[9] R.R. at 131a. Finally, PSP presented the Sentencing Guidelines for Counts 13 and 14.[10] *See* R.R. at 132a-133a. The Sentencing Guidelines for Count 13 show that the statutory limit is "6-12" months. R.R. at 132a. The Sentencing Guidelines for Count 14 indicate that the statutory limit is "18-36" months. R.R. at 133a. The ALJ accepted the above documents into evidence without objection. *See* R.R. at 37a.

---

[7] Common Pleas certified the docket entries on February 3, 2023.

[8] Common Pleas certified the Information on February 3, 2023.

[9] Common Pleas certified the sentencing order on February 3, 2023.

[10] Common Pleas certified the sentencing guidelines on February 3, 2023.

Mangold presented a certified copy of the Common Pleas' expungement order.[11] *See* R.R. at 149a-151a. The expungement order indicates that the "Petition for Expungement" was granted. R.R. at 149a. However, the charges set forth under the heading: "The specific charges, as they appear on the charging document, to be expunged and applicable dispositions" do not include the charges to which Mangold pleaded guilty. R.R. at 150a. Rather, they include charges that were either "Nolle Prossed" or "Withdrawn[.]" R.R. at 151a. Notwithstanding that "[t]he reason for expungement" is listed as "Section 17[,]" there is nothing in the expungement order to confirm that the charges to which Mangold pleaded guilty were expunged. Indeed, PSP's documents show otherwise. The charges on the expungement order have been redacted in the Information, *see* R.R. at 128a-130a, and do not appear in the Common Pleas' certified docket entries, *see* R.R. at 134a-148a, while the charges to which Mangold pleaded guilty remain on both.

Although there may have been a misstatement on the expungement order, as Mangold claims, it is not for the ALJ to make that determination. Mangold must go before Common Pleas to correct a Common Pleas order, not the PSP. Based on the evidence presented and accepted by the ALJ, it is clear that PSP has met its burden of proving that Mangold pleaded guilty to a charge with a maximum sentence of three years and, therefore, is prohibited from acquiring a firearm.[12]

For all of the above reasons, the ALJ's order is reversed.

_____
ANNE E. COVEY, Judge

---

[11] Common Pleas certified the expungement order on February 21, 2017.

[12] Based on this Court's disposition of the first issue, it does not reach the remaining issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,   :
      Petitioner  :
          :
    v.     :
          :
Gerard Joseph Mangold,   :  No. 718 C.D. 2023
      Respondent :

## O R D E R

AND NOW, this 16th day of July, 2024, the Pennsylvania Attorney General's Office, Office of Administrative Law Judge's June 9, 2023 order is reversed.

_____

ANNE E. COVEY, Judge